United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
David M. Gruel, Jr.
Deborah R. Gruel
    Debtors

Case No. 16-14217-mdc
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2     User: John     Page 1 of 1     Date Rcvd: Jun 20, 2017
                       Form ID: pdf900     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 22, 2017.
db/jdb        +David M. Gruel, Jr.,   Deborah R. Gruel,   654 Hamaker Road,   Manheim, PA 17545-9134

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 21 2017 01:23:48    U.S. Attorney Office,
           c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
                                                                                                                                                                               TOTAL: 1

                ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 22, 2017                                            Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 20, 2017 at the address(es) listed below:
         BRIAN CRAIG NICHOLAS    on behalf of Creditor    BANK OF AMERICA, N.A. bnicholas@kmllawgroup.com,
   bkgroup@kmllawgroup.com
         THOMAS I. PULEO    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com,
   bkgroup@kmllawgroup.com
         THOMAS W. FLECKENSTEIN    on behalf of Debtor David M. Gruel, Jr. tom@fleckensteinpalaw.com
         THOMAS W. FLECKENSTEIN    on behalf of Joint Debtor Deborah R. Gruel tom@fleckensteinpalaw.com
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER, Esq.     ecfemails@ph13trustee.com,   philaecf@gmail.com
         WILLIAM EDWARD CRAIG    on behalf of Creditor    Nissan Motor Acceptance Corporation
   mortonlaw.bcraig@verizon.net,   mhazlett@mortoncraig.com
                                                                                                                                                                                      TOTAL: 7

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| David M. Gruel, Jr. and Deborah R. Gruel, | : | |
| Debtors. | : | Bankruptcy No. 16-14217-MDC |

# O R D E R

**AND NOW**, upon consideration of the Application for Compensation of Attorney's Fees (the "Application")[1] filed by Thomas W. Fleckenstein (the "Applicant"), counsel to David M. Gruel, Jr. and Deborah R. Gruel (the "Debtors"), in which the Applicant requests the allowance of compensation in the amount of $3,500.00 and the reimbursement of expenses in the amount $310.00.

**AND**, the Applicant having been paid $1,000.00 by the Debtors prior to the filing of the petition (the "Pre-Paid Amount").

**AND**, the Applicant certified that proper service has been made on all interested parties.

**AND**, the Applicant filed a certification of no response.

**AND**, the Court of Appeals has held that the bankruptcy court "has a duty to review fee applications, notwithstanding the absence of objections by the United States Trustee . . ., creditors, or any other interested party, a duty which . . . derives from the court's inherent obligation to monitor the debtor's estate and to serve the public interest," *In re Busy Beaver Bldg. Centers, Inc.*, 19 F.3d 833, 841 (3d Cir. 1994) (emphasis in original).

**AND**, the Court of Appeals also has instructed that the bankruptcy courts should not "become enmeshed in a meticulous analysis of every detailed facet of the professional representation [to the point] that the inquiry into the adequacy of the fee assume[s] massive proportions, perhaps even dwarfing the case in chief."

---

[1] Bankr. Docket No. 48.

**AND**, this case involves the representation of below-median debtors. S*ee generally* 11 U.S.C. §1325(b) (establishing different standards for measuring plan confirmability depending upon whether the debtor's is above median or below median); Official Form 22C (requiring less financial disclosure from below-median debtors).

**AND**, pursuant to L.B.R. 2016-2(a)(1), the court is authorized to allow counsel fees in chapter 13 cases involving below-median debtors of up to $3,000.00 based on a "short form application," that does not require an itemization of time.

**AND**, the Applicant elected to file the Application pursuant to L.B.R. 2016-2(a)(1), despite requesting compensation that exceeds the amount the court is authorized to allow in chapter 13 cases involving below-median debtors.

**AND**, the Applicant failed to file the Application in a form consistent with L.B.R. 2016-3.

It is hereby **ORDERED** that:

1.  The Application is **GRANTED IN PART** and **DENIED IN PART**.

2.  Compensation is allowed in favor of the Applicant in the total amount of $3,000.00 and reimbursement of expenses is allowed in favor of the Applicant in the amount of $310.00 (the "Allowed Compensation and Expenses"). *See* L.B.R. 2016-1(f) (governing procedure for disposition of fee applications without a hearing).

3.  The Trustee is authorized to distribute to the Applicant the Allowed Compensation and Expenses less the Pre-Paid Amount as an administrative expense pursuant to 11 U.S.C. §§ 330, 331, 503(b).

Dated: June 20, 2017

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Thomas W. Fleckenstein, Esquire
Thomas W. Fleckenstein Attorney at Law
1338 Malleable Road
Columbia, PA 17512

2

William C. Miller, Esquire
Chapter 13 Trustee
1234 Market Street, Suite 1813
Philadelphia, PA 19107

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

3